UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
COURT FILE NO.: CV-

| | |
|---|---|
| ERIC DAVIS<br>         Plaintiff,<br><br>v.<br><br>JACOB LAW GROUP, PLLC, JACOB COLLECTION GROUP, LLC, and "MEGAN - JANE DOE,"Jointly and Severally<br>         Defendants. | COMPLAINT<br><br>JURY TRIAL DEMANDED |

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d) 47 U.S.C. 227(b) et seq., and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"); the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 et seq.; out of violations of the Michigan Occupation Code ("MOC"), MCL 339.901 *et seq*; or alternatively out of violations of the Michigan Debt Collections Practices Act ("MDCPA") MCL 445.251 *et seq*; by these Defendants in their illegal efforts to collect a consumer debt.

3. Venue is proper in this District because the acts and transactions occurred here, Mr. Davis resides here, and Defendants transact business here.

## PARTIES

4. Plaintiff, ERIC DAVIS, (hereinafter "DAVIS") is a natural person who resides in the County of Wayne, State of Michigan, and is protected under the FDCPA from harassment, oppression and abuse in connection with the collection of a debt as referenced by 15 U.S.C. § 1692d.

5. Defendants, JACOB LAW GROUP and JACOB COLLECTION GROUP, (hereinafter "JLG/JCG") is, based upon information and belief, a Mississippi corporation and a collection agency operating from an address of 2623 West Oxford Loop, Oxford, MS  38655, and is a "debt

collector" as that term is defined by 15 U.S.C. § 1692a(6).

6. Defendant, JANE DOE, A/K/A "MEGAN" is believed to be a natural person employed by JLG/JCG as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6). At all times relevant to the allegations in this complaint, Jane Doe acted as an agent for JLG/JCG in attempting to collect a debt from DAVIS.

7. Defendant, JOHN DOE, is believed to be a natural person employed by JLG/JCG as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6). At all times relevant to the allegations in this complaint, John Doe acted as an agent for JLG/JCG in attempting to collect a debt from Mr. Davis.

## FACTUAL ALLEGATIONS

8. Based upon information, belief and knowledge, Plaintiff, DAVIS, in his own name, opened a line of credit with GE Capital Retail Bank (hereinafter "GE"), and incurred a balance of approximately 700.00 to $800.00, which was used for personal, family, or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

9. Based upon information, belief and knowledge, sometime in the month of May 2012, the alleged debt of Plaintiff, DAVIS was consigned, placed or otherwise transferred to Defendant, JLG/JCG, for collection.

### *Collection Activities Begin in May 2012*

10. In or about May 2012, on information and belief, the Defendant, JLG/JCG, by and through its employee collectors, commenced a collection calling campaign utilizing an automated telephone dialing system (ATDS).

11. Based upon information and belief, JLG/JCG made automated collection calls to Plaintiff, DAVIS's cell phone, (313) 304-3355 in violation of the TCPA's prohibitions on automated calls to cell phones, 47 USC 227(b).

12. Defendant JLG/JCG, connected with Plaintiff on live calls and its employees were at times

disrespectful and undignified in their communications with Plaintiff while attempting to collect the debt.

13. DAVIS informed JLG/JCG and its collector, MEGAN, that he did not have money to pay on this debt.

14. When MEGAN asked if DAVIS could borrow money from family or friends, DAVIS advised that he was not able to borrow money from his family or friends.

15. DAVIS also told MEGAN that he was on social security disability and with a fixed income of $840.00 per month.

16. DAVIS advised MEGAN that he had already received defendant's collection letter, and confirmed that Defendant has his correct location information.

17. In response to Plaintiff's explanation of his inability to pay this debt, Defendants illegally called two of Plaintiff's neighbors and disclosed to these third parties that Plaintiff owed a debt.

18. After speaking with DAVIS, Defendant JLG/JCG by and through its collector, co-defendant MEGAN, then telephoned DAVIS's neighbor, Ms. Betty, residing at 12811 Wormer St., Redford Township, MI, and imposed upon her to write down the individual collector's name, the defendant's telephone number, her telephone extension and her employer's name, Jacob Law Group.

19. In late May 2012, MEGAN directed to Ms. Betty to deliver the information and add the message that "Eric Davis needs to contact Jacob Law Group immediately concerning an outstanding debt."

20. Ms. Betty followed these directives and hand delivered the note to DAVIS.

21. On or about May 31, 2012, Defendant JLG/JCG, by and through MEGAN, telephoned Mr. Lawrence Black, residing at 12820 Wormer Street, Redford Township, MI, who was also another neighbor of DAVIS.

22. MEGAN imposed upon Mr. Black to write a note including her name, her telephone number, her extension and her employer's name (Jacob Law Group).

23. MEGAN further requested BLACK to hand deliver the message that "Eric Davis needs to contact Jacob Law Group immediately concerning an outstanding debt."

24. At no time did Defendant request or confirm location information of the plaintiff during its communications with BLACK.

25. BLACK advised DAVIS about the call that he received from Jacob Law Group.

26. Defendant's communications to these third parties, Ms. Betty and Mr. Black, caused Plaintiff DAVIS embarrassment, humiliation and outrage entitling him to exemplary damages under Michigan law.

27. Defendants also placed calls without accurate caller ID identifying that it was Defendant calling.

28. Defendant's communication to third parties, Ms. Betty and Mr. Black, constitutes multiple violations under the FDCPA as will be further outlined below.

29. Defendant's collection communications are in violation of numerous and multiple provisions of the FDCPA, including but not limited to:

    a. § 1692b(1). Contact of Third Party: failed to state that collector is confirming or correcting location information;
    b. § 1692b(2). Contact of Third Party: Stated that the consumer owes any debt;
    c. § 1692c(a)(1). At any unusual time, unusual place, or unusual time or place known to be inconvenient to the consumer, before 8:00 am or after 9:00 pm;
    d. § 1692c(b). With anyone except consumer, consumer's attorney, or credit bureau concerning the debt;
    e. § 1692d. Any conduct the natural consequence of which is to harass, oppress, or abuse any person;
    f. § 1692d(5). Caused the phone to ring or engaged any person in telephone conversations repeatedly;
    g. § 1692d(6). Placed telephone calls without disclosing his/her identity.

30. JLG/JCG used an "automated telephone dialing system" and prerecorded messages when making these collection calls to DAVIS.

31. Despite, Plaintiff's requests to Defendant, JLG/JCG and MEGAN to stop calling his cell phone, JLG/JCG nevertheless continued robo-dialing DAVIS and leaving pre-recorded voice messages on DAVIS's voice mail.

32. Based upon information and belief, at no prior time did Plaintiff provide consent to defendant to call his cell phone number using an Automated Telephone Dialing System ("ATDS").

33. JLG/JCG continued its collection efforts using its ATDS and leaving prerecorded messages in violation of 47 USC 227(b).

34. JLG/JCG continued making these calls on and off from May 2012 to July 2012, despite being advised by DAVIS that he did not have funds to pay this debt and to stop calling.

35. Each of these communications violated the TCPA, as DAVIS did not consent to the calls.

36. DAVIS has suffered actual damages as a result of these illegal collection communications by JLG/JCG in the form of anger, anxiety, emotional distress, sadness, grieving, fear, frustration, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

### *Respondeat Superior* Liability

37. The acts and omissions of Defendants and the individual debt collectors employed as agents by JLG/JCG, who communicated with Plaintiff as described herein, were committed within the time and scope limits of their agency relationship with their principal, Defendant.

38. The acts and omissions by JLG/JCG's agents were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by JLG/JCG in collecting consumer debts.

39. By committing these acts and omissions against DAVIS, JLG/JCG's agents were motivated to benefit their principal, JLG/JCG.

40. JLG/JCG is therefore liable to DAVIS through the Doctrine of *Respondeat Superior* for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA, TCPA, MOC or alternatively MCPA, in their attempts to collect this debt from DAVIS.

### JURY DEMAND

41. DAVIS is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed.R.Civ.P. 38.

## COUNT I

### Violations of the Fair Debt Collection Practices Act
### 15 U.S.C. § 1692 et Seq.

42. DAVIS incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

43. The foregoing acts and omissions of JLG/JCG constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the below cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

44. The allegations stated in this complaint constitute collection communications in violation of multiple provisions of the FDCPA, including but not limited to:

   a. § 1692b(1). Contact of Third Party: failed to state that collector is confirming or correcting location information;
   b. § 1692b(2). Contact of Third Party: Stated that the consumer owes any debt;
   c. § 1692c(a)(1). At any unusual time, unusual place, or unusual time or place known to be inconvenient to the consumer, before 8:00 am or after 9:00 pm;
   d. § 1692c(b). With anyone except consumer, consumer's attorney, or credit bureau concerning the debt;
   e. § 1692d. Any conduct the natural consequence of which is to harass, oppress, or abuse any person;
   f. § 1692d(5). Caused the phone to ring or engaged any person in telephone conversations repeatedly;
   g. § 1692d(6). Placed telephone calls without disclosing his/her identity.

45. As a result of the JLG/JCGs' violations of the FDCPA, DAVIS is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 each pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

## COUNT II

### Invasion of Privacy by Intrusion upon Seclusion

46. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

47. Defendants intentionally interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt.

48. Defendants intentionally caused harm to Plaintiff's emotional well being by engaging in highly offensive conduct in the course of collecting this debt thereby invading and intruding upon Plaintiffs' right to privacy.

49. Plaintiff had a reasonable expectation of privacy in his solitude, seclusion, and or private concerns or affairs.

50. These intrusions and invasions by Defendants occurred in a way that would be highly offensive to a reasonable person in that position.

51. As a result of such invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from each and every Defendant.

## COUNT III

### Violations of the Michigan Occupational Code as Alternative to Claims under the Michigan Collection Practices Act

52. Plaintiff incorporate the preceding allegations by reference.

53. Defendants and its employees/agents are "collection agencies" as that term is defined in the Michigan Occupation Code ("MOC"), MCL 339.901(b).

54. Plaintiff is a debtor or other protected persons as that term is defined in MCL 339.901(l).

55. Defendants' foregoing acts in attempting to collect this debt against Plaintiff constitute violations of the Occupation Code.

56. Plaintiff has suffered damages as a result of these violations of the Michigan Occupation Code.

57. These violations of the Michigan Occupation Code were willful.

## COUNT IV

**Violations of the Michigan Collection Practices Act (as Alternative to Claims under the Michigan Occupational Code)**

54. Plaintiff incorporates the preceding allegations by reference.

55. Defendants are "regulated persons" under the Michigan Debt Collections Practices Act ("MDCPA") MCL 445.251 (g)(xi).

56. Defendants' foregoing acts in attempting to collect this debt against Plaintiff constitute violations of the Michigan Debt Collections Practices Act ("MDCPA") MCL 445.251 *et seq.*

57. Plaintiff has suffered damages as a result of these violations of the Michigan Debt Collections Practices Act.

58. These violations of the Michigan Collections Practices Act were willful.

## COUNT V

**Violations of the Telephone Consumer Protection Act**
**47 U.S.C. § 227**

58. Plaintiff incorporates all of the above paragraphs by reference.

59. On information and belief, on multiple occasions from May 2012 to July 2012, JLG/JCG "willfully" violated the TCPA by using an "automatic telephone dialing system" to contact DAVIS on his cell phone without Plaintiff's express consent.

60. On multiple occasions, JLG/JCG "willfully" violated the TCPA by using and leaving prerecorded messages to contact DAVIS on his cell phone, despite DAVIS repeatedly requesting Defendant to stop.

61. Defendant violated the provisions of the TCPA, 47 U.S.C. § 227.

62. As a result of these violations of the TCPA, DAVIS is entitled to actual damages pursuant to 47 U.S.C. §227 et seq.; statutory damages in an amount up to $500.00 for each violation pursuant to 47 U.S.C. §227 et seq.; and treble damages ($1,500 per violation) 47 U.S.C. §427(b)(3).

## DEMAND FOR JUDGMENT FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant:

### COUNT I

### Violations of the Fair debt Collection Practices Act 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for Plaintiff;

### COUNT II

### Invasion of Privacy by Intrusion upon Seclusion

- for an award of actual damages from each and every Defendant for the emotional distress suffered as a result of the FDCPA violations and invasions of privacy in an amount to be determined at trial and for Plaintiff; and

- for such other and further relief as may be just and proper.

### COUNT III

### Violations of the Michigan Occupational Code as Alternative to Claims under the Michigan Collection Practices Act

- for an award of actual, treble, punitive and statutory damages from each and every Defendant for the emotional distress suffered as a result of the Michigan Occupation Code violations in an amount to be determined at trial and for Plaintiff; and

- for such other and further relief as may be just and proper.

### COUNT IV

### Violations of the Michigan Debt Collection Practices Act (as Alternative to Claims under the

**Michigan Occupational Code)**

- for an award of actual, treble, punitive and statutory damages from each and every Defendant for the emotional distress suffered as a result of the Michigan Debt Collections Practices Act violations in an amount to be determined at trial and for Plaintiff; and

- for such other and further relief as may be just and proper.

### COUNT V

**Violations of the Telephone Consumer Protection Act
47 U.S.C. § 227et seq.**

- for an award of actual damages pursuant to 47 U.S.C. §227 et seq. against each and every Defendant and for Plaintiff;

- for an award of statutory damages pursuant to 47 U.S.C. §227 et seq. against each and every Defendant and for Plaintiff;

- for an award of treble damages pursuant to 47 U.S.C. §227(b)(3);

Dated: Tuesday, December 04, 2012          Respectfully submitted,

REX ANDERSON, PC

/s/ Rex C. Anderson
Rex C. Anderson, Attorney for Plaintiffs
9459 Lapeer Rd. Ste. 101
Davison MI 48423
(810) 653-3300
mied@rexandersonpc.com
(P47068)